UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:22-CV-969

REBECCA MORIELLO,                          )
                                           )
          PLAINTIFF,                       )
                                           )
     v.                                    )
                                           )
BOARD OF IMMIGRATION APPEALS,              )
                                           )
MERRICK GARLAND, in his official capacity  )
as United States Attorney General; and     )
                                           )
UNITED STATES OF AMERICA,                  )
                                           )
          DEFENDANTS.                      )

**COMPLAINT UNDER THE ADMINISTRATIVE PROCEDURE ACT**

Plaintiff Rebecca Moriello, through her undersigned counsel alleges as follows:

**I.   INTRODUCTION**

1.  This is a civil action brought by Plaintiff Rebecca Moriello ("Plaintiff" or "Ms. Moriello") to hold unlawful and set aside the Board of Immigration Appeals' (hereinafter "BIA") October 31, 2022 decision and order (hereinafter "BIA Decision") dismissing her appeal and affirming the Adjudicating Official's May 5, 2022 decision ("AO Decision"), and suspending Plaintiff from practice before the Immigration Courts, the BIA, and DHS for a period of 30 days, effective 15 days from the date of the decision. The BIA Decision is annexed as Exhibit A to the Declaration of Cyrus D. Mehta, Evidentiary Exhibit. The AO Decision is annexed as Exhibit B to the Declaration of Cyrus D. Mehta, Evidentiary Exhibit.

1

2. The BIA Decision was based on a misinterpretation of 8 C.F.R. 1003.102(n) and a disregard of Plaintiff's arguments and relevant evidence in the record. It was arbitrary and capricious and was not supported by substantial evidence, and so should be set aside pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), (C).

## II. JURISDICTION

3. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, in conjunction with the APA, 5 U.S.C. §§ 702-706.

4. Pursuant to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under a federal law: the APA, 5 U.S.C. §§ 702-706.

5. The jurisdiction-conferring provision of the APA provides as follows:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. *The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States…*

5 U.S.C. § 702 (emphasis added).

### III. VENUE

6. 28 U.S.C. § 1391(e)(1) provides that, "A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which…(C) the plaintiff resides if no real property is involved in the action.." Jurisdiction is proper under 28 U.S.C. § 1391(e)(1) because this case does not involve real property and the Plaintiff resides in the Middle District of North Carolina.

### IV. PARTIES

7. Plaintiff Rebecca Moriello is an immigration lawyer admitted in North Carolina and residing at 2 Flagstaff Ct., Durham, NC 27713.

8. Defendant BIA is the component of the Department of Justice that issued the final decision denying Plaintiff's appeal and suspending her from practice for 30 days.

9. U.S. Attorney General Merrick Garland is the head of the DOJ, the cabinet department of which the BIA is a component.

10. The United States of America is a proper defendant in this action pursuant to 5 U.S.C. § 702.

### V. EXHAUSTION OF REMEDIES

11. The BIA Decision denying the Plaintiff's appeal and suspending her from practice, effective 15 days after the date of the decision, constitutes a final agency action. Accordingly, there are no administrative remedies that must be exhausted.

## VI. FACTS

12. On June 29, 2017, Plaintiff was silently typing on her cell phone while observing a confidential hearing in the Charlotte Immigration Court. Plaintiff did not stop using her cell phone when asked to do so by a protective security officer. A court rule, conveyed by a sign outside the courtroom, allowed attorneys to use their cell phones for business purposes. Plaintiff believed in good faith that she was following this rule as she routinely saw other attorneys use their cell phones in Immigration Court. *Id.* at 4. Plaintiff's refusal to stop using her phone resulted in the police removing the Plaintiff from court and filing criminal charges against her.

13. On July 17, 2018, the United States District Court for the Western District of North Carolina found Plaintiff guilty of violating two administrative regulations: failing to comply with the lawful direction of an authorized individual while on property under the authority of the Government Services Administration (GSA), in violation of 41 C.F.R. §§ 102-74.365, 102-74.385, and 102-74.450. Plaintiff was also found guilty of impeding and disrupting the performance of official duties by government employees while on GSA property, in violation of 41 C.F.R. §§ 102-74.365, 102-74.390, and 102-74.450.

14. Plaintiff appealed the convictions to a District Judge of the United States District Court for the Western District of North Carolina and the United States Court of Appeals for the Fourth Circuit, both of which sustained the convictions. Plaintiff also filed a petition for certiorari to the U.S. Supreme Court, which was denied.

15. On January 14, 2021, the Government issued a Notice of Intent to Discipline ("NOID"), which was accompanied by a Joint Motion for Immediate Suspension, seeking to indefinitely disbar Plaintiff on the ground that her convictions amounted to a serious crime under 8 C.F.R. § 1003.102(h) because a necessary element of the offenses involved interference with the administration of justice. Plaintiff promptly filed an answer, in which she demonstrated that her convictions were not, in fact, for a serious crime.

16. The Government then moved to withdraw the petition for immediate suspension and issued an amended Notice of Intent to Discipline ("NID") on March 31, 2021, annexed as <u>Exhibit C to the Declaration of Cyrus D. Mehta, Evidentiary Exhibit</u>, stating that "the Government has determined that an immediate suspension and summary proceedings are not appropriate in this matter" and "the allegation that Plaintiff committed a "serious crime", in violation of 8 C.F.R. § 1003.102(h), warranting an immediate suspension and summary discipline, is not the proper charge of misconduct". In the amended NID, the Government proposed a 30 day suspension under 8 C.F.R. § 1003.102(n). Over the Plaintiff's opposition, the BIA granted both the Motion to Withdraw the Joint Petition for Immediate Suspension and the Motion to Amend the NID. The BIA order is annexed as <u>Exhibit D to the Declaration of Cyrus D. Mehta, Evidentiary Exhibit</u>.

17. In the meantime, on February 15, 2021, the North Carolina State Bar censured Plaintiff under North Carolina Rules of Professional Conduct ("NCRPC") 8.4(d) which provides that it is misconduct for a lawyer to "engage in conduct that is

5

Case 1:22-cv-00969   Document 1   Filed 11/10/22   Page 5 of 14

prejudicial to the administration of justice." The censure of the NCRPC is annexed as Exhibit E to the Declaration of Cyrus D. Mehta, Evidentiary Exhibit.

18. On October 8, 2021, the BIA ordered that the Plaintiff's case be referred to an adjudicating official ("AO") for factual findings and legal determinations. In a decision dated May 5, 2022, the AO found that Plaintiff's conduct violated 8 C.F.R. §1003.102(n) and upheld the Government's proposed 30-day suspension.

19. In relevant part, 8 C.F.R. § 1003.102(n) recommends disciplinary sanctions for a practitioner who:

> "Engages in conduct that is prejudicial to the administration of justice or undermines the integrity of the adjudicative process. Conduct that will generally be subject to sanctions under this ground includes any action or inaction that seriously impairs or interferes with the adjudicative process when the practitioner should have reasonably known to avoid such conduct."

20. On May 27, 2022, Plaintiff appealed the AO Decision to the BIA, arguing that the AO erred in finding that Plaintiff had violated 8 C.F.R. § 1003.102(n) as her conduct did not seriously impair or interfere with the adjudicative process. Plaintiff further argued that the AO committed legal error by concluding that "Conduct resulting in the cessation of a hearing, even if only for a period of time, is unquestionably conduct which seriously interferes with the adjudicative process." AO Decision at 10. Further, Plaintiff argued that the AO neglected to address authoritative letters furnished by Plaintiff including from a former Immigration Judge and former BIA member, and the AO erred by failing to give sufficient consideration to Plaintiff's autism as a mitigating factor, and by

6

concluding that Respondent "failed to present evidence that she is taking steps to prevent her autism from causing her to engage in misconduct again". The AO thus implied that autism is a disorder that can be cured, and Plaintiff argued that a remand was clearly warranted due to the erroneous observation by the AO on autism. Letters from experts on autism were submitted in support of the remand, which were disregarded by the BIA. Furthermore, the AO erred in suspending Plaintiff for 30 days, and that imposition of a 30-day suspension would actually result in a longer bar. Plaintiff's brief in support of her appeal [aka Respondent's Brief in Support of Appeal] is annexed as <u>Exhibit F to the Declaration of Cyrus D. Mehta, Evidentiary Exhibit</u>. The Government's Response Brief is annexed as <u>Exhibit G to the Declaration of Cyrus D. Mehta, Evidentiary Exhibit</u>.

21. The BIA erred by affirming the AO's application of the standard set out in *In re Hopkins*, 677 A.2d 55, 60-61 (D.C. 1996), to Plaintiff's case for purposes of whether Plaintiff had violated 8 C.F.R. § 1003.102(n). BIA Decision at 4. The test described in *In re Hopkins* is intended "to encompass derelictions of attorney conduct considered reprehensible to the practice of law," *In re Hopkins*, 677 A.2d 55, 59 (DC 1996) (quoting *In re Alexander*, 496 A.2d 244, 255 (D.C.1985)), and is "not so broad as to encompass any and all misconduct by an attorney," *In re Hopkins*, 677 A.2d at 59. The line of cases that apply *Hopkins* have similarly involved fraud, dishonesty, or extensive and ongoing misconduct and disruption of judicial proceedings. Because the *Hopkins* test is not intended to apply to de minimis misconduct like Plaintiff's, it was improper for the BIA to rely on it to

7

find that Plaintiff violated 8 C.F.R. § 1003.102(n). The BIA relied on the preamble to the regulation to insist that the *Hopkins* standard was applicable. *See* 73 Fed. Reg. 44178, 44180-81 (July 30, 2008). Plaintiff argued that the actual language of 8 C.F.R. § 1003.102(n) governs rather than the commentary around the rule. *See Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 413-414 (1945) ("Our only tools, therefore, are the plain words of the regulation and any relevant interpretations of the Administrator"); *Samirah v. Holder*, 627 F.3d 652, 659 (7th Cir. 2010) (distinguishing other Federal Register text in a regulatory announcement from the regulation itself). Moreover, a statute should be construed so that, on the whole, no clause, sentence, or word is rendered "superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)). Courts ought to construe statutes so that no provision is "entirely redundant." *Kungys v. United States*, 485 U.S. 759, 778 (1988). This canon of statutory interpretation also applies to a regulation such as 8 C.F.R. § 1003.102(n). *See Baude v. United States*, 955 F.3d 1290, 1305 (Fed. Cir. 2020) (applying this canon of interpretation to a regulation); *U.S. v. CITGO Petroleum Corp.*, 801 F.3d 477, 485 (5th Cir. 2015) (same).

22. Even if the *Hopkins* test was applicable, Plaintiff's conduct did not meet the third prong of the *Hopkins* test. Plaintiff was convicted of two misdemeanors under 41 C.F.R. §102-74.385 and 41 C.F.R. § 102-74.390, which prohibit a variety of minor conduct. Plaintiff's conduct did not involve any of the fraudulent or dishonest acts at issue in *Hopkins*. Although the Adjudicating Official asserts that

8

Case 1:22-cv-00969 Document 1 Filed 11/10/22 Page 8 of 14

Plaintiff's conduct distracted the IJ and caused him to recess the proceedings, this was a one-time disruption lasting a few minutes that did not rise to the level of conduct seriously impairing or interfering with the adjudicatory process. Respondent's refusal to discontinue using her cell phone in the courtroom was based on a good-faith belief that she was following the directions on a sign, and was impacted by her autism, which causes her to tend to interpret and follow rules in a literal manner.

23. Moreover, the BIA erred in concluding that Plaintiff's conduct seriously impaired or interfered with the adjudicative process under 8 C.F.R. § 1003.102(n). The Decision points only to the fact that Plaintiff's conduct resulted in "an immigration judge's temporary adjournment of a withholding of removal proceeding solely due to the Plaintiff's conduct" as evidence that the conduct seriously interfered with the adjudicative process. BIA Decision at 4. However, Plaintiff's conduct resulted in a one-time disruption lasting only a few minutes. Tellingly, the noncitizen respondent whose hearing she was observing was also not impacted by this brief adjournment and was also not fully aware of the alleged disruption that was happening behind him. Exhibit B to the Declaration of Cyrus D. Mehta, Evidentiary Exhibit, AO Decision at 7. A former Immigration Judge wrote a letter stating that she has witnessed many instances of arguments between attorneys and security guards, clerks, or judges regarding cell phone use in court, and does not believe that Plaintiff's conduct even seen in the worst possible light was a violation of 8 C.F.R. 1003.102(n). Letter of Susan Roy, within Exhibit H of the

Declaration of Cyrus D. Mehta, Evidentiary Exhibit (attaching copies of the Evidentiary Exhibits that were submitted as mitigating factors to the AO). "If that were the case, quite frankly, individuals appearing before the Newark Immigration Court, at least pre-COVID, would have been sanctioned every single day." *Id.* Plaintiff's refusal to discontinue using her cell phone in the courtroom was based on a good-faith belief that she was following the directions on a sign. Her autism, which causes her to follow directives in a literal way, contributed to this behavior, as demonstrated by the experts' letters. Plaintiff's conduct did not involve any of the fraudulent or egregious acts at issue in *Hopkins* and its progeny.

24. The BIA Decision provides no evidentiary support for its assertion that the Adjudicating Official adequately considered Plaintiff's autism as a mitigating factor. The BIA Decision asserts that "we are unable to find any specific or indirect statement by the Adjudicating Official that supports the respondent's claim the Adjudicating Official found autism is curable". BIA Decision at 5. The AO Decision stated, in relevant part that:

> Respondent fails to present evidence that she is taking steps to prevent her autism from causing her to engage in misconduct again. Though she recognizes in hindsight that her autism played a role in her unwillingness to listen to the orders given by PSO Bridges, she has not made efforts to prevent similar events from happening in the future, such as evidence of therapy where she could learn tools to help her manage her autistic condition. This Court recognizes that factors beyond Respondent's control may have influenced her improper conduct, but the Court cannot consider them a mitigating factor because Respondent has failed to take any steps that her autism will not cause future misconduct. Rather, the Court finds the fact that the Respondent has not taken any further actions to learn how to cope with her disability to be a negative factor. For a litigant to claim that they cannot

10

control their actions because of a disability, but then do nothing more about the issue beyond stating that they will not misbehave again, is problematic.

AO Decision at 13-14. By indicating that evidence of Plaintiff's autism diagnosis cannot be considered as a mitigating factor unless she has sought therapy or other treatment, the AO clearly implied that autism is a curable condition. The BIA failed to consider Plaintiff's argument that the AO erred, which was supported by letters from experts in the field of autism. The BIA also erroneously concluded that the expert letters were not "material or probative to the outcome of these proceedings" to constitute a basis for remand to the AO. BIA Decision at 5.

25. The BIA acknowledged Plaintiff's assertion that the AO "did not afford appropriate weight to the mitigating factors presented," but asserted with no substantive explanation that "the [AO's] assignment of weight to the aggravating and mitigating factors was reasonable, and that he meaningfully considered all of the evidence presented." BIA Decision at 5. As support for this conclusion, the BIA relied on a removal case in which it had held that "[t]he Immigration judge was not required to credit the respondent's wholesale denial of any knowledge or culpability related to the mass executions of Bosnian Muslims captured on the Bratunac-Konjevic Polje road." *Matter of D-R-*, 25 I&N Dec. 445, 455 (BIA 2011); BIA Decision at 5 (citing *Matter of D-R-*). This prior holding about circumstances under which an adjudicator "did not commit clear error in crediting" one "version of events" over another, *Matter of D-R-*, 25 I&N Dec. at 455, was not cogent support for the BIA's deferential acceptance of the AO's balancing of aggravating and mitigating factors

11

as a matter of discretion, which the BIA ought to have reviewed *de novo*, *see* 8 C.F.R. § 1003.1(d)(3)(ii).

26. The BIA acknowledged that the Plaintiff's social media posts are protected by the First Amendment but then contradictorily justified the AO's reliance on the posts to treat them as an aggravating factor in disciplining the Plaintiff.

27. The BIA also erred by failing to consider the censure discipline imposed on Plaintiff by the North Carolina State Bar in assessing the severity of Plaintiff's conduct and the appropriate sanction. Though the language of North Carolina's Rule 8.4(d) is more expansive than that of 8 C.F.R. § 1003.102(n), as it does not require conduct that seriously impedes or interferes with the adjudication process, the North Carolina State Bar gave the Plaintiff a public censure for the same conduct. Plaintiff argued that if she was found to be in violation of 8 C.F.R. § 1003.102(n), she should have been subject to censure in line with what she got from the North Carolina State Bar.

28. The unequal discipline imposed by the North Carolina State Bar and the BIA creates an anomalous situation for Plaintiff who is recognized as an attorney but is precluded from practicing immigration law. The BIA erred in affirming the AO's decision that it was in the public interest to impose a 30 day suspension assuming that the Plaintiff violated 8 C.F.R. § 1003.102(n).

## VII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Administrative Procedure Act – 5 U.S.C. § 706(2)(A))

29. The Administrative Procedure Act provides that a Court shall

    hold unlawful and set aside agency action, findings, and conclusions found to be—

    (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
    (B) contrary to constitutional right, power, privilege, or immunity;
    (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right
    . . . [or]
    (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute.

5. U.S.C. § 706(2).

30. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 27 as though fully set forth herein.

31. The BIA Decision was arbitrary, capricious, an abuse of discretion, and not in accordance with law.

### SECOND CLAIM FOR RELIEF
### (Administrative Procedure Act – 5 U.S.C. § 706(2)(E))

32. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

33. The decision of BIA to suspend Plaintiff from practice for 30 days was not supported by substantial evidence.

## VIII. PRAYER FOR RELIEF

**WHEREFORE, Plaintiff Rebecca Moriello respectfully prays that the Court:**

a. Declare unlawful and set aside the BIA Decision suspending her from practice for 30 days;

b. Remand the matter to the BIA;

c. Grant such other and further relief at law and in equity as justice may require;

d. Grant attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

This the 10th day of November 2022.

                        /s/ D.J. O'Brien III
Kearns Davis
kdavis@brookspierce.com
N.C. State Bar No. 22014
D.J. O'Brien III
N.C. State Bar No. 35481
dobrien@brookspierce.com
BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, LLP
2000 Renaissance Plaza
230 North Elm Street
Greensboro, North Carolina, 27401
Tel. (336) 373-8850
Fax (336) 378-1001

 /s/ Cyrus D. Mehta*
Cyrus D. Mehta
Cyrus D. Mehta & Partners PLLC
One Battery Park Plaza, 9th Floor
New York, NY 10004
Tel: (212) 425-0555
Fax: (212) 425-3282
Email: cm@cyrusmehta.com

*Notice of Special Appearance Forthcoming*

14

Case 1:22-cv-00969   Document 1   Filed 11/10/22   Page 14 of 14