# Exhibit A



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*

Office of the Clerk
*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Cyrus D. Mehta
Cyrus D. Mehta & Partners, PLLC
One Battery Park Plaza, 9th Floor
New York, NY 10004

Paul A. Rodrigues
Disciplinary Counsel
OGC/EOIR
5107 Leesburg Pike, Suite 2600
Falls Church, VA 22041

Re:  Rebecca Moriello
     D2021-0007

Date:  October 31, 2022

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Donna Carr
Chief Clerk

Panel Members:
  DENISE BROWN
  GARRY D. MALPHRUS
  MICHAEL J. CREPPY

CC:
Toinette M. Mitchell
Disciplinary Counsel
USCIS/Department of Homeland Security,
4401 W Peachtree Street NW – Suite 1001.
Atlanta, GA 30308

NOT FOR PUBLICATION

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

MATTER OF:

Rebecca A. MORIELLO, D2021-0007

Respondent

FILED
OCT 3 1 2022

ON BEHALF OF ATTORNEY: Cyrus D. Mehta, Esquire

ON BEHALF OF EOIR: Paul A. Rodrigues, Disciplinary Counsel
Alexander Spindler, Attorney Advisor

IN PRACTITIONER DISCIPLINARY PROCEEDINGS
On Appeal from a Decision of the Adjudicating Official

Before: Malphrus, Deputy Chief Appellate Immigration Judge, Brown, Temporary Appellate Immigration Judge[1], Creppy, Appellate Immigration Judge

Opinion by Brown, Temporary Appellate Immigration Judge

BROWN, Temporary Appellate Immigration Judge

The respondent appeals from the May 5, 2022, decision, of an Immigration Judge, acting as the Adjudicating Official ("AO") in this case. The Adjudicating Official concluded that the Disciplinary Counsel for the Executive Office of Immigration Review ("EOIR") and the Disciplinary Counsel for the Department of Homeland Security ("DHS") established by clear and convincing evidence that the respondent engaged in conduct prejudicial to the administration of justice, in violation of 8 C.F.R. § 1003.102(n).[2] The Adjudicating Official ordered the respondent suspended from practice before the Immigration Courts, the Board of Immigration Appeals, and DHS for 30 days. Both the respondent and the government, who initiated these proceedings, have filed briefs. The respondent's appeal will be dismissed.

We review the Adjudicating Official's findings of fact for clear error. 8 C.F.R. 1003.1(d)(3)(i). We review de novo questions of law, discretion and judgment, and all other issues in appeals. 8 C.F.R. § 1003.1(d)(3)(ii); *see also* 8 C.F.R. § 1003.106(c). Further, in disciplinary proceedings, the Disciplinary Counsels "bear the burden of proving the grounds for disciplinary sanctions enumerated in the Notice of Intent to Discipline by clear and convincing evidence." 8 C.F.R. § 1003.106(a)(2)(iv).

---

[1] Temporary Appellate Immigration Judge sit pursuant to appointment by the Attorney General. *See* 8 C.F.R. § 1003.1(a)(4).

[2] All references to "the government" in this decision refer to the Disciplinary Counsels for EOIR and DHS unless otherwise indicated.

The Board has considered the arguments raised on appeal by the respondent. Upon review of the entire record before us, the Board finds no reason to disturb either the factual findings or any other conclusion or ruling reached by the Adjudicating Official. We therefore will adopt and affirm the Adjudicating Official's order, with the following comments. *See, e.g., Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994) (noting that adoption or affirmance of a decision of an Immigration Judge, in whole or in part, is "simply a statement that the Board's conclusions upon review of the record coincide with those which the Immigration Judge articulated in his or her decision").

The parties do not dispute the procedural history of this matter, which the Adjudicating Official accurately summarized in his decision, and we do not repeat here (AO at 2). The findings of fact in this case are based on the findings of fact established during the respondent's criminal proceedings (AO at 4; Exh. 9, Tab 4).[3] In addition, the parties do not dispute the core facts which form the basis for these proceedings and involved the respondent's conduct while present during a June 29, 2017, immigration court hearing (AO at 9). The core facts are that, while the respondent was present as an observer during a withholding of removal hearing, the respondent did not obey the instructions from two Protective Service Officers to stop using her cell phone, which ultimately resulted in the local police having to remove her from the courtroom, and the filing of criminal charges.

The respondent contests the Adjudicating Official's determination that (1) the government established by clear and convincing evidence she violated 8 C.F.R. § 1003.103(n), and (2) she warranted a 30-day suspension for such violation (AO at 9-15; Respondent's Br. at 6-24). We address both issues below.

The sole charge in these proceedings, 8 C.F.R. § 1003.2(n), provides for disciplinary sanctions where a practitioner:

> Engages in conduct that is prejudicial to the administration of justice or undermines the integrity of the adjudicative process. Conduct that will generally be subject to sanctions under this ground includes any action or inaction that seriously impairs

---

[3] On July 17, 2018, based on the testimony and evidence presented during the respondent's criminal proceedings, a United States Magistrate Judge for the United States District Court for the Western District of North Carolina found the respondent guilty of: (1) failing to comply with the lawful direction of an authorized individual while on property under the authority of the Government Services Administration ("GSA") in violation of 41 C.F.R. § 102-74.385, and (2) impeding and disrupting the performance of official duties by government employees while on GSA property in violation of 41 C.F.R. § 102-74.390 (Exh. 9, Tab 1). These convictions were upheld on appeal by a United States District Judge, and then by the United States Court of Appeals for the Fourth Circuit (Exh. 9, Tabs 2, 3). The United States Supreme Court denied the respondent's petition for a writ of certiorari.

2

or interferes with the adjudicative process when the practitioner should have reasonably known to avoid such conduct.

The respondent contests the Adjudicating Official's application of the standard set forth in *In re Hopkins*, 677 A.2d 55, 60-61 (D.C. 1996), as the parameters for determining when an attorney's conduct may qualify as conduct prejudicial to the administration of justice under 8 C.F.R. § 1003.102(n) (Respondent's Br. at 5-6; AO at 9-10). As referenced in the Adjudicating Official's decision, when EOIR proposed 8 C.F.R. § 1003.102(n) as a new ground for disciplinary sanctions, EOIR explained:

> The prohibition on conduct prejudicial to the administration of justice is found in the ABA[4] Model Rules and such conduct is widely recognized within the legal profession as a sanctionable offense. *See* ABA Model Rule 8.4(d) (stating that "[i]t is professional misconduct for a lawyer to * * * engage in conduct that is prejudicial to the administration of justice").
>
> . . .
>
> In discerning the most appropriate parameters for this ground, *In re Hopkins*, 677 A.2d 55, 60-61 (D.C. 1996), is instructive. In that case, the D.C. Court of Appeals held that an attorney's conduct must satisfy the following criteria for such conduct to be viewed as prejudicial to the administration of justice. First, the conduct, which includes any action or inaction, depending on the circumstances, must be considered improper. Improper conduct occurs, for instance, when the practitioner "violates a specific statute, court rule or procedure, or other disciplinary rule," but impropriety may also be found when, considering all the circumstances, the practitioner "should know that he or she would reasonably be expected to act in such a way as to avert any serious interference with the administration of justice." *Id.* at 61.
>
> Second, in order to fall under the domain of the "administration of justice," the conduct "must bear directly upon the judicial process * * * with respect to an identifiable case or tribunal." *Id.* Third, the practitioner's conduct "must taint the judicial process in more than a de minimis way; that is, at least potentially impact upon the process to a serious and adverse degree." *Id.* As a result, conduct that will generally be subject to sanctions under this ground includes any action or inaction that seriously impairs or interferes with the adjudicative process when the practitioner should have reasonably known to avoid such conduct.

Professional Conduct for Practitioners—Rules and Procedures, and Representation and Appearances, 73 Fed. Reg. 44178, 44180-81 (July 30, 2008) (to be codified at 8 C.F.R. § 1003.103(n)).

---

[4] American Bar Association.

We are not persuaded by the respondent's contention that the Adjudicating Official's "reliance on *In re Hopkins* was misplaced" (Respondent's Br. at 5). It is not clear to us if the respondent is arguing the Adjudicating Official erred in concluding that *Hopkins* was the standard by which he would determine whether she violated 8 C.F.R. § 1003.103(n), or in applying the *Hopkins* standard to her case. If the former, the respondent does not specify what standard the Adjudicating Official should have applied instead, apart from stating her conduct was de minimis and not egregious (Respondent's Br. at 5). If the latter, even if we agree with the respondent's contention that "*Hopkins* and its progeny . . . apply more readily to an attorney whose conduct involved fraud, dishonesty or incompetence," (*Id.*) these are not exclusive examples of conduct that can be prejudicial to the administration of justice. *See Hopkins*, 677 A.2d at 59. It is not the facts of *Hopkins* and its progeny that an adjudicator would apply, as those facts only illustrate how the *Hopkins* criteria were applied in those cases. In other words, the cases do not establish the exclusive types of conduct that would meet the *Hopkins* criteria nor a violation of 8 C.F.R. § 1003.103(n). Each case rests on its own particular facts and circumstances. Here, the respondent's conduct illustrates an apt example of conduct that was prejudicial to the administration of justice. Moreover, the language of 8 C.F.R. § 1001.103(n) does not require that conduct rise to the level of "egregious" to constitute a violation. Thus, we conclude the *Hopkins* standard is an appropriate and reasonable one for determining when a practitioner has violated 8 C.F.R. § 1003.103(n), and affirm the Adjudicating Official's application of this standard in this case.

Based on the foregoing, and for the reasons cited in the Adjudicating Official's decision, we affirm his conclusion that the government established by clear and convincing evidence the charge under 8 C.F.R. § 1003.103(n) (AO at 9-11). The respondent presents no meaningful arguments contesting the Adjudicating Official's determination that her conduct met the first and second prongs of the *Hopkins* standard identified above. With respect to the third prong, we are not persuaded by the respondent's argument that the government did not establish she engaged in conduct that "seriously impairs or interferes with the adjudicative process" (Respondent's Br. at 6-11). Under the particular facts and circumstances of this case, including an immigration judge's temporary adjournment of a withholding of removal proceeding solely due to the respondent's conduct, we agree with the Adjudicating Official's determination that the respondent's conduct seriously interfered with the adjudicative process (AO at 10-11). Therefore, the Adjudicating Official's determination that the respondent engaged in conduct prejudicial to the administration of justice, and thus is subject to disciplinary sanction, is affirmed.

We further affirm the Adjudicating Official's determination that it is in the public interest to impose an appropriate sanction for the respondent's violation of 8 C.F.R. 1003.103(n) (AO at 11). 8 C.F.R. § 1003.102.

While the regulations do not mandate a specific methodology for calculating the appropriate sanction, 8 C.F.R. § 1003.106(b) provides that "[t]he adjudicating official shall consider the entire record and . . . render a decision. . . . If the adjudicating official determines that the practitioner should be suspended, the time period for such suspension shall be specified."

Case 1:22-cv-00969   Document 4-1   Filed 11/10/22   Page 6 of 8

We uphold the Adjudicating Official's consideration of caselaw and the ABA's "Standards For Imposing Lawyer Sanctions" ("ABA Standards") in deciding the appropriate disciplinary sanction in this type of "original" disciplinary case (AO at 11-12). Such cases, like the instant case, involve charges against attorneys that do not involve reciprocal discipline based on state or federal court orders, or criminal convictions.

We have considered all of the respondent's arguments regarding why the 30-day sanction is not appropriate. However, for the reasons cited in the Adjudicating Official's order, we conclude that he properly weighed the aggravating and mitigating factors presented, and we agree that a 30-day suspension is the appropriate discipline (AO at 11-15). For the same reasons cited by the Adjudicating Official, we are not persuaded by the respondent's contention that a 30-day suspension is "unnecessary and unduly harsh" because the state bar only sanctioned her with a public censure (Respondent's Br. at 18, 20) (AO at 12-15). These proceedings are not based on reciprocal discipline in a state jurisdiction.

While we acknowledge the respondent's arguments that the Adjudicating Official did not afford appropriate weight to the mitigating factors presented, we conclude the Adjudicating Official's assignment of weight to the aggravating and mitigating factors was reasonable, and that he meaningfully considered all of the evidence presented. *See Matter of D-R-*, 25 I&N Dec. 445, 455 (BIA 2011) (stating that an Immigration Judge is not required to interpret evidence in the manner advocated by the applicant). We are not persuaded by the respondent's contention that the Adjudicating Official should not have considered her public postings on social media when weighing the respondent's expression of remorse for her conduct (Respondent's Br. at 21; Exh. 9, Tab 6, at 244-59). We acknowledge the respondent's statement that her social media posts are protected by the First Amendment. However, the Adjudicating Official reasonably and appropriately considered such publicly available evidence, similar to her publicly available testimony during her criminal proceedings, to determine the appropriate sanction in this case (AO at 13).

In addition, the Adjudicating Official considered the respondent's arguments and evidence regarding her autism diagnosis, which she received more than 4 years after the conduct at issue here (AO at 13-14). We are not persuaded by the respondent's contention that a remand is warranted because the Adjudicating Official found that autism is curable (Respondent's Br. at 14-17). We are unable to find any specific or indirect statement by the Adjudicating Official that supports the respondent's claim the Adjudicating Official found autism is curable (AO at 13-14). The Adjudicating Official's decision thoughtfully considered and weighed the respondent's autism diagnosis and related evidence which the respondent presented as a mitigating factor (*Id.*). Similarly, the respondent's new evidence presented on appeal, to wit, evidence about therapy and autism, has not been shown to be material or probative to the outcome of these proceedings. Specifically, given that the respondent has not shown the Adjudicating Official erred in assessing the autism-related evidence she presented below, she has not shown how her new evidence would overcome the Adjudicating Official's ultimate conclusion that a 30-day suspension was the appropriate sanction here. We thus conclude that a remand is unwarranted based on this evidence. *See Matter of Coelho*, 20 I&N Dec. 464, 471-72 (BIA 1992). Therefore, we deny the respondent's motion to remand and do not address this contention further.

Accordingly, the following orders will be entered.

ORDER: The respondent's appeal is dismissed, and the Adjudicating Official's May 5, 2022, "Decision And Order" is affirmed.

FURTHER ORDER: The respondent is suspended from practice before the Immigration Courts, Board of Immigration Appeals, and DHS, for a period of 30 days, effective 15 days from this date. 8 C.F.R. § 1003.106(c).

FURTHER ORDER: The respondent is directed to promptly notify, in writing, any clients with cases currently pending before the Board, the Immigration Courts, or DHS that the respondent has been suspended from practicing before these bodies.

FURTHER ORDER: The respondent shall maintain records to evidence compliance with this order.

FURTHER ORDER: The Board directs that the contents of this notice be made available to the public, including at Immigration Courts and appropriate offices of DHS.