IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| REBECCA MORIELLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22CV969 |
| | ) | |
| BOARD OF IMMIGRATION APPEALS, | ) | |
| MERRICK GARLAND, in his official | ) | |
| capacity as United States Attorney General, | ) | |
| and UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court is Plaintiff's Motion for a Temporary Restraining Order and Stay Pending Review. (ECF No. 3.) For the reasons stated herein, Plaintiff's motion will be denied.

Plaintiff Rebecca Moriello initiated this action on November 10, 2022, alleging that the Board of Immigration Appeals ("BIA") misapplied relevant legal standards and disregarded relevant evidence in issuing its decision to suspend her from legal practice before the Immigration Courts, BIA, and Department of Homeland Security for a thirty-day period. (ECF No. 1.) Plaintiff maintains that the BIA's suspension decision was arbitrary and capricious and not supported by substantial evidence, thus violating the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), (E). (ECF No. 1 ¶¶ 29–33.)

"[T]he grant of interim relief [is] an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in [the] limited circumstances which

clearly demand it." *Steakhouse, Inc. v. City of Raleigh*, 166 F.3d 634, 637 (4th Cir. 1999) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 814 (4th Cir. 1991)). "[T]he movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that [she] is likely to succeed on the merits; (2) that [she] is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [her] favor; and (4) that an injunction is in the public interest." *Patel v. Moron*, 897 F. Supp. 2d 389, 395 (E.D.N.C. 2012) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

Here, upon consideration of Plaintiff's motion, the BIA's decisions and orders, and other evidence of record, the Court finds that Plaintiff has not shown that she is likely to succeed on the merits of her claim, which decidedly weighs against the granting of a temporary restraining order. Both the BIA's decision and order dismissing her appeal, (ECF No. 4-1), and the Adjudicating Official's initial suspension decision, (ECF No. 4-2), appear to have considered all relevant evidence and reasonably interpreted 8 C.F.R. § 1003.102(n) to permit sanction. The evidence shows that Plaintiff repeatedly refused to follow the orders of court staff when instructed to stop using her phone, and this escalated into a situation where court proceedings were interrupted, and police ultimately called, resulting in Plaintiff having to be escorted from the courtroom. (ECF No. 4-2 at 4–9.) The reviewed evidence is supportive of the BIA's finding that Plaintiff "seriously impair[ed] or interfere[d] with the adjudicative process." (*Id.* at 11.) Accordingly, the Court finds Plaintiff's allegation that BIA's decision was "arbitrary and capricious" and "not supported by substantial evidence" is unlikely to succeed on the merits. While the Court acknowledges that Plaintiff's thirty-day suspension will inevitably cause some harm to Plaintiff and her small firm practice, such harm does not

2

rise to a level permitting the "extraordinary remedy" of interim relief. The Court finds that in balancing all the necessary factors, a temporary restraining order is not warranted.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for a Temporary Restraining Order and Stay Pending Review, (ECF No. 3), is **DENIED**.

This, the 15th day of November 2022.

/s/ Loretta C. Biggs
United States District Judge